IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV234

| | |
|---|---|
| EDWARD S. GLOVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| GASTON COUNTY D.A. OFFICE, . ) | |
| GASTON COUNTY CLERK OFFICE ) | |
| ) | |
| Defendants. ) | |
| ) | |

THIS MATTER is before the Court on Defendants' Motion to Dismiss for Lack of Jurisdiction (Document #6). Pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), (5), and (6), and for the reasons set forth below, this motion is GRANTED.

**BACKGROUND**

In 2006, Plaintiff Edward S. Glover ("Glover") was arrested and prosecuted on an outstanding warrant from 2000. Glover claims that this "delayed prosecution" caused him financial and emotional damage. He is seeking damages in the amount of $50,000 under 42 U.S.C. § 1983.

**DISCUSSION**

The Court finds numerous problems with Plaintiff's complaint, any one of which would be sufficient to grant the Defendants' Motion to Dismiss.

A) <u>Service of Process</u>

Rule 4(j)(2) of the Federal Rules of Civil Procedure states that "service upon a state . . . or other governmental organization subject to suit, shall be effected by delivering a copy of the summons and of the complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of the state for the service of summons or other like process upon any such defendant."

Here, Plaintiff served Defendants by certified mail addressed to their offices in Gastonia, North Carolina. North Carolina requires that service be made upon an officer of the State by delivery of process to that officer's designated agent or absent designation of an agent, delivery of process to the Attorney General of North Carolina. N.C. Gen. Stat. § 1A-1, Rule 4(j)(4). Defendants are elected officials within the North Carolina judicial branch, and therefore, Glover's service was ineffective. Since service was not effected, Glover's complaint can properly be dismissed under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5).

B) <u>Failure to state a claim</u>

A motion to dismiss for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6) should be allowed if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief. *Greenhouse v. MCG Capital Corp.,* 392 F.3d 650, 655 (4th Cir 2004). A motion to dismiss should be granted if the complaint itself fails to allege the elements for a cause of action or facts sufficient to support such elements. *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir.), *cert. denied,* 540 U.S. 940 (2003).

Moreover, "allegations must be stated in terms that are neither vague nor conclusory." *Estate Constr. Co. V. Miller & Smith holding Co.,* 14 F.3d 213, 220 (4th Cir. 1994). Further, under Rule 8 of the federal Rules of Civil Procedure, a complaint must state the proper jurisdictional grounds on which a Court may hear the claim. Here, Glover couches his complaint as a "statute of limitations." "Statute of limitations" cannot form the basis of a claim, and therefore, there are no grounds under which relief can be granted. Further, Glover fails to state jurisdictional grounds for this Court. As a pro se party, Glover is allowed leniency, but "even pro se litigants . . . must meet certain minimal standards of leading." *Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981).

### D) Defendant Immunity

Finally, Glover cannot properly bring a complaint against either defendant. Defendant Gaston County D.A. Office enjoys absolute immunity from suit for conduct "in initiating and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Glover complains that his arrest and prosecution pursuant to an outstanding warrant is the cause of his injury. The decision to arrest and prosecute is part of "initiating and presenting" a case, therefore, Defendant Gaston County D.A. Office has absolute immunity from his claims.

Defendant Gaston County Clerk of Courts is also protected against Glover's claims. Under the Eleventh Amendment, suits against states or their agencies are barred, regardless of the relief sought. *Seminole Tribes of Florida v. Florida*, 517 U.S. 44, 58 (1996). Although a state may waive such immunity, Glover neither alleges such a waiver, nor has there been a wavier on the part of North Carolina. Defendant Gaston County Clerk of Courts is an elected official in the judicial branch of North Carolina, and therefore, enjoys immunity from Glover's complaint.

Glover fails to allege a viable cause of action in his complaint, and therefore, his claim must be dismissed. Further, service was not properly effected, and both defendants are protected by either prosecutorial immunity or the Eleventh Amendment.

Therefore, Defendant's Motion to Dismiss is hereby GRANTED.

Signed: September 14, 2007

Graham C. Mullen
United States District Judge